I concur with the majority that less restrictive alternatives to termination of Father's parental rights exist. I do not agree that the trial court's Findings of Fact XXIV, XXVI or XXVIII are clearly erroneous. Conflicting evidence on these findings was submitted to the trial court. The record reveals those conflicts were plausibly resolved. As stated by the United States Supreme Court:
 If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous.
Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985).
I do agree, however, that the trial court's Finding of Fact XXV that "[a]ppropriate services to the Father have failed and further services would be unavailing," is clearly erroneous. The only service provided by DSS to assist Father to keep his children was that of supervised visitation. The success of this service is not contested by these parties. Although it is asserted that "home studies" *Page 88 
were also conducted, DSS appears to have done nothing with them. The limited services provided, though successful, have been inadequate and for the trial court to conclude otherwise is clearly erroneous.
Finally, my reading of the record reveals the trial court saw only three alternatives from the very beginning. These were that Mother, Father, or both would have their parental rights terminated. A fourth possibility, that neither parent's rights would be terminated, does not appear to have been considered. Therefore, I agree with the majority that Finding of Fact XXX is also clearly erroneous in that termination is not the least restrictive alternative.